UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20007-CIV-MORENO

GEICO MARINE INSURANCE COMPANY,

      Plaintiff,

vs.

Y HOLDINGS, LLC,

      Defendant.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Motion for Summary Judgment (**D.E. 32**), filed on **December 10, 2020**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED**.

### I.     Background

This is a case about whether an insurer properly cancelled the insured's policy. GEICO Marine, the Plaintiff and counter-Defendant, issued an insurance policy on Y Holding's, the Defendant and counter-claimant, 40' VanDutch vessel. The policy ran from December 29, 2017 to December 29, 2018. GEICO allegedly mailed notice canceling the policy in November 2018, and the vessel was damaged on December 31, 2018—two days after the policy coverage ended.[1]

The policy provides (and neither party disputes) that the policy could be canceled by simply mailing notice to the insured. The language reads:

---

[1] Y Holdings contends that the notice was never actually mailed.

> Subject to the requirements of state law, we may cancel this policy by notifying you in writing **before the date the cancellation**. This cancellation notice will be mailed to the **Named Insured at the address shown on the Declarations Page**, and proof of such mailing shall be sufficient proof of notification. (emphasis added)

The declarations page lists the named insured as Y Holdings, LLC, c/o Yossi Sokol. The address is listed at 3363 NE 163rd St., Miami, FL, 33160. The problem is that the *actual* address is 3363 NR 163rd St., **SUITE 507**, **NORTH** Miami, FL, 33160.

## II.     Legal Standard

Fed. R. Civ. P. 56 provides, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). The existence of some factual disputes between litigants will not defeat an otherwise properly ground motion for summary judgment; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir.1992).

### III.     Analysis

Y Holdings argues first, GEICO never sent a notice and second, if GEICO did, that it subjectively knew that the address was incorrect. Thus, GEICO cannot claim to have properly given notice when it knew it would not reach the insured. In support of their theory, Y Holdings cites Third District Court of Appeal case *Tench v. Am. Reliance Ins. Co.,* 671 So.2d 801 (Fla. 3d DCA 1996), which held that an insurance company that mailed notice to an address it knew to be vacant did not truly give notice of cancelation.

To prove it sent notice, GEICO submits a mail log and the envelope of the notice. Obviously, Y Holdings submits nothing in response because one cannot prove a negative.

Whether GEICO knew or should have known the address was incomplete is heavily disputed. In a deposition, GEICO points to the fact it had sent lots of mail to that address before, and only a handful of letters were returned as undeliverable. In fact, Yossi Sokol, the CEO of Y Holdings, said in a sworn statement that even without a suite number the mail reaches him "a hundred percent of the time." On the other hand, Y Holdings attaches an exhibit that shows two letters from GEICO which were "returned to sender for insufficient address." Whether this was sufficient to put GEICO on notice that it needed to do more to apprise Y Holdings of cancellation is the quintessential jury question.

Additionally, Y Holdings argues that GEICO is estopped from asserting that the cancelation notice was valid because Casey Insurance Group—an intermediary that acted as an agent for both parties—sent Y Holdings a notice advising Y Holdings that its yacht insurance is due to expire in 5 days, and in the same letter notified Y Holdings that it could **disregard the letter if it was set up on auto-pay.**

Y Holdings argues these facts are material because under Florida law, if Casey Insurance Group was GEICO's actual *or apparent* agent, its actions would bind the principal—here, GEICO. Although the parties do not explicitly make this point, a jury may find that the letter was an implicit renewal of the policy provided that Y Holdings was enrolled in auto-pay, or that promissory estoppel prevents GEICO from arguing there was no coverage when their apparent agent caused Y Holdings not to seek a renewal or other insurance. *See Crown Life Ins. Co. v. McBride*, 517 So.2d 660 (Fla. 1987) (promissory estoppel may be utilized to create insurance coverage where affirmative representations induce the promisee into action or forbearance substantial in nature, and where promisee shows that such reliance thereon was to his detriment).

There is no debate that Casey Insurance Group was *not* GEICO's agent on the date the letter was sent Y Holdings the letter. But it is unclear whether Y Holdings knew that. In a deposition, Casey Heer of Casey Insurance Group claims he had a conversation with Yossi Sokol and made clear that Casey Insurance Group was no longer serving as broker for GEICO. On the other hand, Yossi Sokol declares under penalty of perjury that "prior to the casualty to the vessel, no one advised Y Holdings that GEICO had terminated Casey Insurance Group as its agent." These are the two main pieces of evidence the parties rely on with respect to the "agency" question. Neither appears strong enough such that "reasonable minds could [not] differ" on the conclusion.

Thus, the Plaintiff's motion for summary judgment is **denied**.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th of March 2021.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record